UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTIS ADVISORS LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NUVASIVE (AUST/NZ) PTY LTD,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:25-cv-00470-RBM-SBC<br><br>**ORDER:**<br><br> **(1) DENYING PLAINTIFF'S MOTION TO FILE PORTIONS OF COMPLAINT UNDER SEAL**<br><br> **(2) SETTING DEADLINE FOR DEFENDANT TO FILE A MOTION TO SEAL**<br><br> **(3) DIRECTING CLERK TO MAINTAIN DOCUMENTS UNDER SEAL**<br><br>**[Doc. 3]** |

On February 28, 2025, Plaintiff Fortis Advisors LLC ("Plaintiff") commenced this case by filing a redacted Complaint with a Motion to File Portions of Complaint Under Seal ("Motion to Seal"). (Doc. 1 (Complaint); Doc. 3 (Motion to Seal).) For the reasons discussed below, Plaintiff's Motion to Seal (Doc. 3) is **DENIED** with leave for Defendant NuVasive (Aust/Nz) Pty Ltd. ("Defendant") to file a renewed motion to seal.

1

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. If the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Additionally, in accordance with Section IV of this Court's Civil Chamber Rules, "[t]he fact that both sides agree to seal a document or that a stipulated protective order was issued is insufficient cause for sealing." *See* The Hon. Ruth Bermudez Montenegro Civ. Chambers R. IV.A. Any motion to seal predicated solely on the opposing party's designation of the document as confidential must be accompanied by a response from the designating party within seven days of the motion filing date, demonstrating that the sealing standard has been satisfied for the document or information at issue. *See id.* at Section IV.B.

///

## II.  DISCUSSION

In the Motion to Seal, Plaintiff requests portions of the Complaint and Exhibit A to the Complaint be filed under seal because they "contain information that Plaintiff believes Defendant may assert is confidential pursuant to a written agreement with Defendant." (Doc. 3-1 at 2 (citing Declaration of Lloyd Winawer ("Winawer Decl.") ¶ 2).)  On March 6, 2025, shortly after this case was transferred to Chief Judge Cynthia Bashant, Plaintiff filed a Table Requirement in Support of Fortis Advisors LLC's Motion to File Portions of the Complaint Under Seal to comply with her Standing Rules. (Doc. 6.)  In this filing, Plaintiff provides cites for the portions of the Complaint that it seeks to file under seal with justifications for sealing those portions. (*Id* at 2–4.)  The justification provided is similar to Plaintiff's Motion to Seal, indicating that Plaintiff and Defendant "are parties to a written agreement attached as Exhibit A to the Complaint that Fortis filed on February 28, 2025" and portions of the agreement "provide certain information is to be treated as confidential." (*Id.*)  Plaintiff goes on to specify that the "redactions are intended to avoid any contention that it breached any obligations under the written agreement" and that Plaintiff "does not assert a confidentiality interest in the redacted allegations of the Complaint." (*Id.*)

In a May 7, 2025 Order granting a Joint Motion to extend the time for Defendant to respond to the Complaint, Judge Bashant indicated that "to the extent Defendant wishes to respond to Plaintiff's Motion to Seal information Defendant had previously designated as confidential, Defendant is ORDERED to file its response in opposition or support of the Motion to Seal" on May 31, 2025. (Doc. 12 at 1–2 (emphasis in original).)

Defendant has not filed a response in opposition or support of the pending Motion to Seal.  While the Court is mindful that Plaintiff is attempting to comply with the Parties' agreement regarding confidentiality, the Parties' agreement that a document or information will be treated as confidential is not sufficient on its own to overcome the strong presumption in favor of public access. *See Kamakana*, 447 F.3d at 1178 (explaining presumption in favor of public access).

Accordingly, Plaintiff's Motion to Seal (Doc. 3) is **DENIED**. However, Defendant may file a renewed motion to seal in accordance with Section IV of this Court's Civil Chamber Rules on or before **June 12, 2025**. Any renewed motion to seal must explain in detail why the portions of the Complaint and the attached Exhibit, currently redacted (Doc.1) should be sealed. If Defendant does not seek to have the redacted portions of the Complaint and the attached Exhibit filed under seal, the Parties shall file a joint motion on or before **June 12, 2025** so indicating.

The Clerk is **DIRECTED** to maintain the unredacted Complaint and Exhibit (Doc. 4) under seal in the interim. If Defendant does not file a renewed motion by June 12, 2025, the Clerk is **DIRECTED** to file the unredacted Complaint and Exhibit (Doc. 4) on **June 13, 2025**.

**IT IS SO ORDERED.**

Dated: June 6, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE